## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

IN RE:

EX PARTE APPLICATION PURSUANT TO 28 U.S.C. § 1782 FOR AN ORDER TO TAKE DISCOVERY OF MUSHEGH TOVMASYAN FOR USE IN A FOREIGN PROCEEDING

**MISC. NO.** 21-353 (RAM)

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, U.S. District Judge

This matter comes before the Court on an *EX PARTE APPLICATION PURSUANT TO 28 U.S.C. § 1782 FOR AN ORDER TO TAKE DISCOVERY OF MUSHEGH TOVMASYAN FOR USE IN A FOREIGN PROCEEDING* ("Petition") (Docket No. 1). The Petition is **GRANTED** and counsel for Petitioners are granted leave to issue and serve subpoenas in the forms appended to the Petition for the reasons set forth below. (Docket Nos. 1-1 and 1-2).

### I.   BACKGROUND

Petitioners are twenty-five individuals and entities ("Applicants" or "Petitioners") who allege to have been victims of a foreign exchange investment scheme denominated the "Blue Isle Fraud."[1] (Docket No. 1 at 2). According to their Petition, they seek an order pursuant to 28 U.S.C. § 1782 authorizing them to

---

[1] For brevity's sake, the Court will not list all these individuals or entities, but they are listed in the Petition. (Docket No. 1 at 2).

serve subpoenas and conduct discovery from Mushegh Tovmasyan ("Mr.
Tovmasyan" or "Respondent") for use in an expected proceeding
before the High Court of England and Wales ("the English
proceeding") against Equiti Capital UK Limited ("Equiti UK") for
its role in allegedly facilitating and concealing the Blue Isle
Fraud. Id. at 3. Petitioners also submitted to the Court a
*DECLARATION OF ROBERT K. CAMPBELL IN SUPPORT APPLICATION PURSUANT
TO 28 U.S.C. § 1782 FOR AN ORDER TO TAKE DISCOVERY OF MUSHEGH
TOVMASYAN FOR USE IN A FOREIGN PROCEEDING* ("the Declaration").
(Docket 1-3). Mr. Robert K. Campbell ("Mr. Campbell") asserts he
is a Solicitor of the Senior Courts of England and Wales with a
practice that includes disputes in the financial sector. Id. at ¶
1.

       According to the Petition and Mr. Campbell's declaration, Mr.
Tovmasyan: (a) is a resident of Puerto Rico and was the founder
and CEO of Divisa UK Limited (the precursor of Equiti UK); (b)
supervised Gary Dennison, CEO of a United States-based broker
Equiti US (formerly known as Divisa US, LLC) who allegedly
facilitated the Blue Isle Fraud; and (c) became a managing director
and member of the Equiti Group when Divisa UK and Divisa US were
acquired by Equiti Group in 2017. (Docket Nos. 1 at 7; 1-3 ¶¶ 14-
15). Applicants believe that Mr. Tovmasyan possesses information
and documents pertaining to:

> (1) initial client due diligence Equiti UK
> performed on Blue Isle; (2) Equiti UK's
> ongoing monitoring of Blue Isle trading as
> required by AML and financial crime
> regulations; (3) Equiti UK's extension of
> credit to Blue Isle facilitating its trading
> of [Petitioners'] funds; (4) Equity U.K.'s
> knowledge of Blue Isle's mounting trading
> losses; (5) Equiti UK's knowledge of
> fraudulent account statements sent to
> [Petitioners] from Equiti's MT4 trading
> platform; and (6) the operation
> interrelationship between Equiti UK and its
> wholly owned subsidiary, both generally and
> with respect to Blue Isle.

(Docket No. 1 at 7).

## II. APPLICABLE LAW

28 U.S.C. § 1782 concerns assistance to foreign and international tribunals and to litigants before such tribunals. It provides, in the relevant part, the following:

> The district court of the district **in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation**. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken,

and the document or other thing produced, in accordance
with the Federal Rules of Civil Procedure.

A person may not be compelled to give his testimony or
statement or to produce a document or other thing in
violation of any legally applicable privilege.

28 U.S.C. ¶ 1782 (emphasis added). As made plain by the text, there
are four statutory requirements that must be met before a district
court can authorize discovery under Section 1782. These are: (1)
"the person from whom discovery is sought resides or is found in
the district where the court sits"; (2) "the request seeks evidence
(the testimony or statement of a person or the production of a
document or other thing) for use in a proceeding in a foreign or
international tribunal"; (3) "the request is made by a foreign or
international tribunal or by any interested person", and 4) "the
material sought is not protected by any legally applicable
privilege." In re Schlich, 893 F.3d 40, 46 (1st Cir. 2018)
(quotation and internal quotation marks omitted).

     In addition to these statutory requirements, the United
States Supreme Court has identified four discretionary factors to
guide the decision whether to authorize the requested discovery:
(a) "when the person from whom discovery is sought is a participant
in the foreign proceeding [. . .] the need for § 1782(a) aid
generally is not as apparent as it ordinarily is when evidence is
sought from a nonparticipant in the matter arising abroad"; (b)
"the nature of the foreign tribunal, the character of the

proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (c) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (d) whether the requests are "unduly intrusive or burdensome." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264-265 (2004). These discretionary factors do not "crea[te] a 'burden' for either party to meet but rather [are] considerations to guide" the court's decision. In re Valitus, Ltd., 2020 WL 6395591, at *5 (D. Mass. 2020) (quoting In Re Schlich, 893 F.3d at 50). Accordingly, "[b]oth parties are free to argue their positions and submit evidence in support thereof, and the district court is then to consider all of that in weighing these factors." In Re Schlich, 893 F.3d at 50. When either party relies on a "blanket assertion" or fails to properly substantiate its contentions, "it runs the risk of not persuading the court to exercise its discretion in its favor." In re Peruvian Sporting Goods S.A.C., 2018 WL 7047645, at *7, n.11 (D. Mass. 2018) (quoting In Re Schlich, 893 F.3d at 50).

        Thus, according to the United States Court of Appeals for the First Circuit, a court's discretion to permit discovery when all Section 1782 requirements are met "is not boundless." In Re Schlich, 893 F.3d at 46 (quoting Intel, 542 U.S. at 252). Instead, courts "must exercise their discretion under § 1782 in light of

the twin aims of the statute: 'providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts.'" Id. at 46-47.

Lastly, "[i]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 ex parte." In re Fagan, 2019 WL 2267063, at *2 (D. Mass. 2019) (quoting Gushlak v. Gushlak, 486 F.App'x 215, 217 (2d Cir. 2012)). More so, considering that when those applications are granted, "respondent's due process rights are not violated" since they can later challenge the discovery through a motion to quash. Id.; see also Jiangsu Steamship Co., Ldt. v. Success Superior Ltd., 2015 WL 349220, at *8 (S.D.N.Y. 2015) ("Discovery requests under § 1782 are "customarily received and appropriate action taken with respect thereto ex parte"); Chevron Corp. v. Shefftz, 754 F. Supp. 2d 254, 268 (D. Mass. 2010) (allowing an § 1782 ex parte application insofar as petitioner may "conduct discovery and a subpoena may be executed upon [r]espondent" but denying request to modify existing proposed subpoena).

### III. ANALYSIS

**A. The Petition Meets Section 1782's Statutory Requirements.**

1. The person from whom discovery is sought "resides or is found" in the district where the court sits.

According to the Petition, Mr. Tovmasyan "maintains a
personal residence within this District at 25 Ave[.] Muñoz Rivera,
Apt. 901, San Juan, Puerto Rico 00901-247, and a work address also
located within this District at Zenus Bank, 252 Av. Juan Ponce de
Leon, 19th Floor, San Juan, Puerto Rico 00918." (Docket No. 1 at
2-3). Circuit Courts of Appeals have found that Section 1782's
"resides or is found" language extends "to the limits of personal
jurisdiction consistent with due process." In re Del Valle Ruiz,
939 F.3d 520, 528 (2nd Cir. 2019). Therefore, "if a person is
served with a subpoena while physically present in the district of
the court that issued the discovery order, then for the purposes
of § 1782(a), he is 'found' in that district." In re Edelman, 295
F.3d 171, 180 (2d Cir. 2002).

Here, the Petition clearly meets Section 1782's first
requirement as Mr. Tovmasyan's can be "found" in the district of
Puerto Rico. See e.g., In re Peruvian Sporting Goods S.A.C., 2018
WL 7047645, at *5 (respondent could be "found" in the district of
Massachusetts because he "apparently owns a home in Massachusetts
and visits Massachusetts with some frequency because his wife lives
[there]."); In re Stati, 2018 WL 474999, at *7 (D. Mass. 2018)
(three deponents identified by petitioners "work and, accordingly,
are 'found' and likely reside in this district within the meaning
of section 1782"); In re Application of Republic of Ecuador v.
Douglas, 153 F. Supp. 3d 484, 487 (D. Mass. 2015) (because one of

the respondents worked in Rockland, Massachusetts, he could be "found" in the District of Massachusetts).

> ## 2. The Petition seeks evidence "for use in a proceeding in a foreign or international tribunal."

The Petition seeks documents and testimony from Mr. Tovmasyan for use in a proceeding in the United Kingdom. Generally, Applicants want to obtain information from him regarding: "(1) Equiti US's relationship with Blue Isle, and (2) the operational interrelationship between Equiti UK and Equiti US, including Equiti UK's control of and knowledge of Equiti US's activities, both generally and with respect to the Blue Isle relationship." (Docket No. 1 at 7; 1-1 at 7-10; 1-3 at 7). This, considering that Mr. Tovmasyan supervised both Gary Dennison, CEO of Equiti US who managed the relationship with Blue Isle, and James Mason, COO of Equiti US who managed the trade support team which dealt with Blue Isle and its investors. (Docket Nos. 1 at 7; 1-3 ¶¶ 14-15). Likewise, considering that Mr. Tovmasyan became managing director and member of Equiti Group in 2017. (Docket No. 1 at 7).

When analyzing Section 1782's second requirement, the operative question here is whether the evidence is sought "for use in a proceeding in a foreign or international tribunal" as the English proceeding has yet to be initiated. In Intel, the Supreme Court held that the proceeding for which discovery is sought under Section 1782(a) must be within reasonable contemplation, but need

not be "pending" or "imminent." Intel, 542 U.S. at 259. According
to the United States Court of Appeals for the Second Circuit, to
show that an action is within reasonable contemplation, "the
applicant must have more than a subjective intent to undertake
some legal action, and instead must provide some objective indicium
that the action is being contemplated." Mangouras v. Squire Patton
Boggs, 980 F.3d 88, 100 (2d Cir. 2020) (quoting Certain Funds,
Accts., and/or Inv. Vehicles v. KPMG, L.L.P., 798 F.3d 113, 123
(2d Cir. 2015)). Thus, "the proceedings cannot be merely
speculative." Id. An § 1782 Applicant must at least show "some
concrete basis from which it can determine that the contemplated
proceeding is more than just a twinkle in counsel's eye." Id.
(quotation omitted). District Courts within the First Circuit
agree. See e.g., In re Pilatus Bank PLC, 2021 WL 1890752, at *9–
10 (D.N.H. 2021) ("It is not enough that a petitioner has hired
counsel and is discussing the possibility of bringing an action.")
(citation omitted).

      Here, Mr. Campbell's declaration attests to the following
steps taken by Petitioners in furtherance of the English
Proceeding. First, Petitioners "retained a barrister in England to
assist them and their counsel based in the United States with
bringing the anticipated litigation before the High Court of
Justice in London, England, U.K." (Docket No. 1-3 ¶ 8). Second,
they served a letter of claim upon Equiti UK on November 26, 2020

which "detailed the factual and legal bases supporting their claims
against Equiti UK pursuant to the laws of England and Wales for
damages and/or equitable compensation stemming from Equiti UK's
role in connection with Blue Isle's fraud." Id. ¶ 9. They claim
therein that Equiti UK, including through its subsidiary Equiti
US, "facilitated and concealed the Blue Isle Fraud, causing
applicants to suffer significant financial loss." Id. This letter
is reputedly a "necessary precursor to the commencement of
litigation" under the rules of procedure applicable to the High
Court of England and Wales. Id. ¶ 11. Based on the foregoing, the
Court concludes the English proceeding is within reasonable
contemplation.

In similar scenarios, the First Circuit has held that
petitioners surpassed Section 1782's second requirement even when
respondents claimed the evidence in question "would not
[allegedly] be relevant for another five years," per "the estimates
of the projected duration of various portions of [actions in other
countries]." In re Porsche Automobil Holding SE, 985 F.3d 115, 120
(1st Cir. 2021). Even so, the First Circuit ruled in favor of
petitioners because "a party seeking discovery need often leave
time to overcome persistent resistance, and Intel requires only
that the proposed discovery's use be 'within reasonable
contemplation.'" Id. (quoting Intel, 542 U.S. at 259). Moreover,
even if jurisdiction is pending in a foreign proceeding, courts

have held that "a district court need not await a foreign
tribunal's determination that it has jurisdiction before granting
an application for a Section 1782 subpoena." <u>In re Peruvian
Sporting Goods S.A.C.</u>, 2018 WL 7047645, at *5 (citation omitted).
Similarly, "it is well-settled that '[p]etitioners are not
required to show that the information they seek would be
discoverable or admissible in [foreign] litigation in order to
satisfy' the 'for use' requirement." <u>In re Porsche Auto. Holding
SE</u>, 2019 WL 5806913, at *5 (D. Mass. 2019), <u>adopted sub nom. In re
Porsche Automobil Holding SE</u>, 2020 WL 813710 (D. Mass. 2020),
<u>aff'd</u>, 2021 WL 140638 (quoting <u>Minis v. Thompson</u>, 2014 WL 1599947,
at *2 (D. Mass. 2014); <i>see also</i> <u>Sandra Holding Ltd. v. Al Saleh</u>,
2019 WL 3072197, at *3 (D. Mass. 2019) (petitioner met the "for
use" requirement because it had "stated its intent to pursue a
legal action and articulated a facially legitimate reason for
pursuing this discovery.") Thus, the Petition meets Section 1782's
second requirement.

    3. <u>The request is made by "interested persons"</u>.

    "An 'interested person' need only 'possess[ ] a reasonable
interest in obtaining judicial assistance.'" <u>In re Penner</u>, 2019 WL
8437196, at *4 (D. Mass. 2019) (quoting <u>Intel</u>, 542 U.S. at 256)
(modifications in original). Here, Petitioners are "interested
persons" for Section 1782 purposes because, as noted earlier, they
"anticipate initiating a proceeding as claimants in the High Court

of England and Wales in London, England." (Docket Nos. 1 at 11; 1-3 ¶ 3). *See* Application of Furstenberg Finance SAS v. Litai Assets LLC, 877 F.3d 1031, 1035 (11th Cir. 2017) (holding that applicants were "interested persons" because they planned "to file a criminal complaint with a claim for civil damages in Luxembourg"); *see also* In re Application of Polygon Glob. Partners LLP for an Ord. Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding, 2021 WL 1894733, at *4 (D.R.I. 2021) (finding that "[b]ecause [petitioner] is the applicant/claimant in the foreign proceedings," it is "obvious" it is an "interested person"); In Re Application of Shervin Pishevar for an Order to take Discovery for Use in a Foreign Proceedings Pursuant to 28 U.S.C. § 1782, 439 F.Supp. 3d 290, 303 (S.D.N.Y. 2020) ("Petitioner will be a plaintiff in the contemplated civil lawsuit [in the U.K.] and as such is an 'interested person.'"). The Petition meets Section 1782's third requirement.

   4. The material sought is not protected by "any legally applicable privilege**."**

   The Petition fails to address this Section 1782 requirement directly. However, Petitioners posit that "granting the relief requested through this *ex parte* Application is not unfair to Tovmasyan, who will remain able to avail himself of rights under Fed. R. Civ. P. 45(c), and rules applicable to discovery generally (including rules to protect any information that is proprietary or

privileged)." (Docket No. 1 at 15). Further, Mr. Campbell's declaration attests "it is expected that the documents and testimony elicited from Tovmasyan . . . are not barred by any applicable law or local rules." (Docket No. 1-3 ¶ 17). *See also* In re Fagan, 2019 WL 2267063, at *2 (quotation omitted) ("[t]he respondent's due process rights are not violated" since they can later challenge discovery through a motion under Fed. R. civ. P. 45(c)(3)). Thus, the Petition meets Section 1782's fourth requirement on the record before the Court.

### B. The Intel discretionary factors likewise weigh in favor of authorizing the requested discovery.

Consideration of each Intel discretionary factor leads the Court to conclude that it should authorize the requested discovery. As noted earlier, these factors do not "crea[te] a 'burden' for either party to meet, but rather [are] considerations to guide the district court's decision." In Re Schlich, 893 F.3d at 50.

### 1. Mr. Tovmasyan is not expected to be a party in the foreign proceeding:

According to Mr. Campbell's declaration**,** Mr. Tovmasyan is **not** expected to be a party in the foreign proceeding. (Docket 1-3 ¶ 13). *See* In Re Porsche Automobil Holding SE, 985 F.3d at 121 (noting that non-party status is "fact that weighs in favor of granting § 1782(a) discovery"). The Declaration also asserts that to the best of his knowledge, "the English Court does not have

jurisdiction over [Mr.] Tovmasyan, who resides in Puerto Rico."
(Docket No. 1-3 ¶ 19). Thus, it seems that Mr. Tovmasyan is
"outside the reach" of the High Court of England and Wales and the
evidence he may provide may very well be unobtainable "absent §
1782 aid." Intel, 542 U.S. at 264; see also In re Application of
Lake Holding & Fin. S.A., 2021 WL 2581427, at *17 (S.D.N.Y. 2021)
(petitioner met the first discretionary factor when it "submitted
evidence showing it [sought] documents available in the United
States from the banks . . . who are nonparticipants in the Cyprus
proceedings and not subject to jurisdiction in the Cyprus
proceeding," because the documents "would otherwise be
unobtainable absent Section 1782 aid.") Thus, the first Intel
discretionary factor favors authorizing the requested discovery.

    2. English courts are receptive to Section 1782 discovery.

    Mr. Campbell attests that "[i]t is expected that the documents
and testimony elicited from Tovmasyan will be admissible in the
English proceeding." (Docket 1-3 at ¶ 17). Case law supports this
argument given that other United States District Courts "have also
recognized that English courts are generally receptive to § 1782
discovery." In Re: Ex Parte Application of Godfrey, 2018 WL
1863749, at *10 (S.D. Fla. 2018) (collecting cases); see also In
re IKB Deutsche Industriebank AG, 2010 WL 1526070 at *4 (N.D. Ill.
2010) ("District courts routinely allow discovery related to
litigation pending in the United Kingdom.") (collecting cases).

Absent any indication that the English courts would reject §
1782 discovery in this matter, the second <u>Intel</u> discretionary
factor also favors authorizing the requested discovery. *See e.g.*,
<u>In re Piraeus Bank</u>, 2020 WL 2521322, at *2 (S.D.N.Y. 2020) (finding
that the discretionary factors weighed in favor of Petitioner
because he averred there was no indication the English Court would
be "unreceptive" to assistance from the Court). Lastly, this is
further supported by <u>Intel</u> itself, wherein the United State Supreme
Court cited an English case stating that the "House of Lords ruled
that nondiscoverability under English law did not stand in the way
of a litigant in English proceedings seeking assistance in the
United States under § 1782." <u>Intel</u>, 524 U.S. at 262 (citing <u>South
Carolina Ins. Co. v. Assurantie Maatschappij "De Zeven Provincien"
N.V.</u> [1987] 1 App. Cas. 24).

3. <u>The petition does not seek to circumvent foreign proof
gathering restrictions</u>.

"Although there is no requirement under § 1782, that the type
of discovery be available in the relevant foreign jurisdiction, a
court may look to the nature, attitude and procedures of that
jurisdiction as useful tools to inform its discretion." *See* <u>Brandi-
Dohm v. IKB Deutsche Industriebank AG</u>, 673 F.3d 76, 81 (2d. Cir.
2012) (citations omitted). Here, Mr. Campbell's declaration posits
that the documents and testimony elicited from Mr. Tovmasyan "are
not barred by any applicable law or local rules" and that "English

litigation and local court rules contemplate that parties to proceedings within that jurisdiction will engage in discovery and allow for the submission of documentary evidence." (Docket No. 1-3 ¶¶ 17-18). He also claims that "[n]o judicial authority in England has rejected any effort by Applicants to obtain the requested documents and other materials." Id. ¶ 20. Be that as it may, "[c]ourts may grant § 1782 applications even where the applicant did not first seek discovery in the foreign tribunal ..., or where the information sought was not discoverable under the laws of the foreign country at issue in the foreign proceeding." In Re Application of Shervin Pishevar for an Order to take Discovery for Use in a Foreign Proceedings Pursuant to 28 U.S.C. § 1782, 439 F.Supp. 3d at 304 (quotation omitted).

Moreover, a Section 1782 application only circumvents foreign proof-gathering restrictions "when it would violate 'the clearly established procedures of a foreign tribunal,' as set forth in 'authoritative proof ... as embodied in a forum country's judicial, executive or legislative declarations that specifically address the use of evidence gathered under foreign procedures." In re application of Arida, LLC, Earl Management LTD, Finergoinvest, LLC and Alexy Grachev, 2020 WL 7496355, at *9 (S.D.N.Y. 2020). Absent any such clear indication that the discovery would undermine a specific policy of the United Kingdom or the United States or that the discovery is sought in bad faith, the third Intel discretionary

factor also favors authorizing the requested discovery. *See* In re
IKB Deutsche Industriebank AG, 2010 WL 1526070, at *4 (respondent
"neither identified any United States policy that would be offended
by allowing this discovery to proceed" nor showed "that the English
court would be unreceptive to materials discovered under Section
1782(a)"); Chevron Corp., 754 F. Supp. 2d at 262 (finding the third
Intel factor favored petitioners because their "request for
discovery appeare[d] to be a 'good faith effort to elicit evidence
that ha[d] probative value'" in foreign arbitral proceedings); In
re Schlich, 2016 WL 7209565, at *6 (D. Mass. 2016), aff'd, 893
F.3d 40 (third Intel factor favored petitioner because petition
was "not obviously frivolous, and it [did] not appear that he [was]
seeking the discovery for improper means.")

   4. The burden posed by the proposed discovery does not weigh
      in favor of denying discovery outright.

   Without prejudice to any objections by Mr. Tovmasyan, the
discovery sought does not appear at first glance to impose a burden
warranting that discovery be denied outright. (Dockets Nos. 1-1;
1-2). To wit, Petitioners' requests are "narrowly tailored" to
obtain "information regarding Equiti UK's actions in connections
with its [alleged] facilitation and concealment of the Blue Isle
Fraud." (Docket No. 1 at 15).

   Moreover, and as Petitioners note, Respondent may avail
himself of the protections of Fed. R. Civ. P. 45 and other rules

of Federal Civil Procedure governing discovery. Id. See In re IKB
Deutsche Industriebank AG, 2010 WL 1526070, at *4 ("If a court
orders discovery, then the Federal Rules of Civil Procedure may
govern discovery; so a court may use Rule 26 and other rules to
protect against specific requests that are unduly intrusive or
burdensome."); In re Valitus, Ltd., 2020 WL 6395591, at *9
(petitioner's requests were not unduly intrusive or burdensome
since they were "narrowly tailored" and "each of its thirteen
proposed categories of documents relate to events that occurred
over the course of only eleven months"); cf. Sandra Holding Ltd.,
2019 WL 3072197, at *4 (holding that the discovery requests were
burdensome when petitioner requested production of a range of
documents relating to Universal and five other companies and which
covered a time period of over thirty years). Here, the documents
requested are nowhere near as extensive as in Sandra Holding Ltd.,
thus this last Intel discretionary factor does not weigh against
authorizing the requested discovery.

### IV.  CONCLUSION

     For the foregoing reasons, the Petition is **GRANTED.**
Petitioners, through their counsel, are granted leave to issue the
subpoenas to Mr. Tovmasyan in the forms appended as Exhibits "A"
and "B" to the Petition. (Docket Nos. 1-1 and 1-2). Pursuant to
Fed. R. Civ. P. R. 45(a)(4), Petitioners shall serve a copy of the

subpoena on the parties that received the "Letter of Claim" in anticipation of the English proceeding.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 20th day of August 2021.

S/ RAÚL M. ARIAS-MARXUACH_____
United States District Judge